DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Eli J. Vonnegut, Esq.
Joanna McDonald, Esq.
Matthew B. Masaro, Esq.

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:**<br><br>**ODN I Perfurações Ltda.,**<br><br>      **Debtor in a Foreign Proceeding** | **Chapter 15**<br><br>**Case No. 23-10557 (DSJ)** |
| **In re:**<br><br>**Odebrecht Drilling Norbe VIII/IX Ltd.,**<br><br>      **Debtor in a Foreign Proceeding** | **Chapter 15**<br><br>**Case No. 23-10559 (DSJ)** |
| **In re:**<br><br>**Odebrecht Drilling Norbe Eight GmbH,**<br><br>      **Debtor in a Foreign Proceeding** | **Chapter 15**<br><br>**Case No. 23-10560 (DSJ)** |
| **In re:**<br><br>**Odebrecht Drilling Norbe Nine GmbH,**<br><br>      **Debtor in a Foreign Proceeding** | **Chapter 15**<br><br>**Case No. 23-10561 (DSJ)** |

| | |
|---|---|
| **In re:**  **Odebrecht Offshore Drilling Finance Limited,**      Debtor in a Foreign Proceeding | **Chapter 15**  **Case No. 23-10562 (DSJ)** |
| **In re:**  **ODN I GmbH,**      Debtor in a Foreign Proceeding | **Chapter 15**  **Case No. 23-10563 (DSJ)** |
| **In re:**  **Odebrecht Drilling Norbe Six GmbH,**      Debtor in a Foreign Proceeding | **Chapter 15**  **Case No. 23-10564 (DSJ)** |
| **In re:**  **ODN Tay IV GmbH,**      Debtor in a Foreign Proceeding | **Chapter 15**  **Case No. 23-10565 (DSJ)** |

**MOTION FOR AN ORDER DIRECTING THE JOINT ADMINISTRATION OF THE CHAPTER 15 CASES OF ODN I PERFURAÇÕES LTDA. AND ITS DEBTOR AFFILIATES PURSUANT TO 11 U.S.C. § 105(a) AND BANKRUPTCY RULE 1015(b)**

Rogerio Luis Murat Ibrahim, in his capacity as the authorized foreign representative (the "Foreign Representative") of ODN I Perfurações Ltda. and each of its above-captioned affiliated debtors (collectively, the "Debtors") which are subject to the *recuperação extrajudicial* proceeding (the "Brazilian EJ Proceeding") in the 4th Business Court of the Judicial District of Rio de Janeiro, Brazil (the "Brazilian Court") pursuant to Federal Law 11,101 of February 9, 2005 (as amended from time to time, the "Brazilian Bankruptcy Law") of the laws of the Federative Republic of Brazil ("Brazil") filed on December 12, 2022 (the "EJ Petition Date"), by

2

and through the undersigned counsel, respectfully submits this motion (this "Motion")[1] seeking an order substantially in the form annexed hereto as Exhibit A (the "Proposed Order") directing the joint administration of the Debtors' Chapter 15 Cases, for procedural purposes only, pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  In support of this Motion, the Foreign Representative respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431 dated January 31, 2012, Reference M-431, In re Standing Order of Reference Re: Title 11, 12 Misc. 00032 (S.D.N.Y. Jan. 31, 2012) (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).  Venue is proper in this Court pursuant to 28 U.S.C. § 1410.

## BACKGROUND

2. The relevant factual background with respect to the relief sought in this Motion is set forth in the Foreign Representative Declaration (as defined below).  The Court may find therein and in the Motion for Recognition (as defined below) a description of the Brazilian EJ Proceeding (including the Debtors' extrajudicial restructuring plan filed therein), the Debtors'

---

[1] In further support of this Motion, the Foreign Representative relies upon and incorporates by reference: (a) the *Motion for (I) Recognition of Foreign Proceeding, (II) Recognition of Foreign Representative, (III) Recognition of Brazilian Confirmation Order and Related EJ Plan, and (IV) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Motion for Recognition") and (b) the *Declaration of Rogerio Luis Murat Ibrahim in Support of the Motion for (I) Recognition of Foreign Proceeding, (II) Recognition of Foreign Representative, (III) Recognition of Brazilian Confirmation Order and Related EJ Plan, and (IV) Related Relief Under Chapter 15 of the Bankruptcy Code and Additional First Day Filings* (the "Foreign Representative Declaration"), both of which are filed contemporaneously herewith.  Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Foreign Representative Declaration.

business, corporate and capital structures, and the circumstances leading to the commencement of the Brazilian EJ Proceeding and these Chapter 15 Cases.

## BASIS FOR RELIEF

3. Bankruptcy Rule 1015(b) provides in relevant part: "If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). As the Motion for Recognition makes clear, the Debtors are "affiliates" as that term is defined in the Bankruptcy Code (*see* 11 U.S.C. §101(2)) and petitions for each of the Debtors have been filed with this Court. Accordingly, "two or more petitions are pending" in this Court, within the meaning of such phrase as used in Bankruptcy Rule 1015(b).

4. Courts, including this Court, have granted joint administration in chapter 15 cases based upon Bankruptcy Rule 1015(b). *See, e.g., In re Andrade Gutierrez Engenharia S.A.*, Case No. 22-11425 (MG) (Bankr. S.D.N.Y. Oct. 31, 2022) (ECF No. 7); *In re U.S.J. - Açúcar e Álcool S.A.*, Case No. 22-10320 (DSJ) (Bankr. S.D.N.Y. Apr. 4, 2022) (ECF No. 15); *In re Odebrecht Engenharia e Construcao S.A.*, Case No. 20-12741 (MEW) (Bankr. S.D.N.Y. Nov. 25, 2020) (ECF No. 9); *In re Odebrecht, S.A.*, Case No. 19-12731 (SMB) (Bankr. S.D.N.Y. Aug. 28, 2019) (ECF No. 9); *In re Odebrecht Oleo e Gas S.A.*, Case No. 17-13130 (JLG) (Bankr. S.D.N.Y. Nov. 8, 2017) (ECF No. 16); *In re OAS S.A.*, No. 15-10937 (SMB) (Bankr. S.D.N.Y. Apr. 16, 2015) (ECF No. 13). Accordingly, the Court has authority to enter this order pursuant to Bankruptcy Rule 1015(b).

5. In addition to Bankruptcy Rule 1015(b), the relief requested herein is available pursuant to section 105(a) of the Bankruptcy Code. Section 105(a), made applicable in chapter 15 cases pursuant to section 103(a), permits this Court to "issue any order, process, or judgment

4

that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. §105(a). Section 105(a) "empower[s] 'the bankruptcy court to exercise its equitable powers to facilitate the implementation of other Bankruptcy Code provisions.'" *In re Select Tree Farms, Inc.*, 483 B.R. 595, 597 (Bankr. W.D.N.Y. 2012) (internal quotations omitted) (citing *Solow v. Kalikow (In re Kalikow)*, 602 F. 3d 82, 97 (2d Cir. 2010)); *see also In re Fairfield Sentry Ltd.*, 458 B.R. 665, 691-92 (S.D.N.Y. 2011) (noting that in chapter 15 cases, a bankruptcy court may enter orders pursuant to section 105(a) only to the extent consistent with the Bankruptcy Code and the Bankruptcy Rules) (citing *Barbieri v. RAJ Acquisition Corp. (In re Barbieri)*, 199 F.3d 616, 620-21 (2d Cir. 1999)).

6.  Joint administration of these cases is warranted because (a) the Debtors' financial affairs and business operations are closely related, (b) the Debtors are party to a single, jointly administered reorganization proceeding in Brazil, and (c) joint administration of the Chapter 15 Cases will ease their administrative burden on this Court and parties in interest.

7.  Moreover, granting the relief requested herein will limit the costs associated with the Chapter 15 Cases, resulting in savings that the Debtors can use for their continued operations and thus for the preservation of their going concern value. It will also relieve the Court of the burden of entering duplicative orders and maintaining duplicative files for each of the Debtors' cases. Importantly, the rights of creditors will not be affected by the joint administration of the Chapter 15 Cases, as this Motion requests procedural consolidation for administrative purposes only.

8.  Accordingly, the Foreign Representative respectfully requests that the caption of the Chapter 15 Cases be modified to reflect the joint administration of the Chapter 15 Cases, as follows:

5

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 15** |
| **ODN I Perfurações Ltda.,**[1] | **Case No. 23-10557 (DSJ)** |
| **Debtors in a Foreign Proceeding** | **(Jointly Administered)** |

---

[1] The debtors in these chapter 15 cases (the "Chapter 15 Cases"), along with each debtor's tax identification or corporate registry number, are: ODN I Perfurações Ltda. (CNPJ/ME No. 11.165.868/0001-68) ("ODN I Perfurações"), Odebrecht Drilling Norbe VIII/IX Ltd. (No. MC 245888) ("Norbe VIII/IX"), Odebrecht Drilling Norbe Eight GmbH (No. FN 34216i) ("Norbe Eight"), Odebrecht Drilling Norbe Nine GmbH (No. FN 342214g) ("Norbe Nine"), Odebrecht Offshore Drilling Finance Limited (No. MC 277889) ("OODFL"), ODN I GmbH (No. FN 321008x) ("ODN I"), Odebrecht Drilling Norbe Six GmbH (No. FN 347728s) ("Norbe Six"), and ODN Tay IV GmbH (No. FN 353359x) ("Tay IV").

9. The Foreign Representative also requests that the Court direct that the following statement be entered on the docket of each of the Debtors' Chapter 15 Cases to reflect their joint administration:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 15 Cases of ODN I Perfurações Ltda.; Odebrecht Drilling Norbe VIII/IX Ltd.; Odebrecht Drilling Norbe Eight GmbH; Odebrecht Drilling Norbe Nine GmbH; Odebrecht Offshore Drilling Finance Limited; ODN I GmbH; Odebrecht Drilling Norbe Six GmbH; and ODN Tay IV GmbH. The docket of ODN I Perfurações Ltda. in Case No. 23-10557 (DSJ) should be consulted in all matters affecting or related to this case.

10. The Foreign Representative also requests that he be authorized to (a) utilize a combined service list for the Debtors' jointly administered cases and (b) send combined notices to creditors of the Debtors' estates and other parties in interest.

## NOTICE

11. The Foreign Representative requests that the Court grant this Motion without prior notice to creditors, as all of the Debtors' material creditors are aware that the Brazilian EJ Proceeding is jointly administered in Brazil and, as noted above, the entry of the Proposed Order will not adversely affect the rights of creditors because it is for administrative purposes only. Notwithstanding, in accordance with Rule 2002(q) of the Bankruptcy Rules, the Foreign Representative will provide notice of this Motion to (a) the Debtors; (b) the Office of the United States Trustee for Region 2 (the "U.S. Trustee"); and (c) the parties entitled to notice, as set forth in Exhibit 2 to the proposed order attached as Exhibit A to the *Motion Pursuant to Fed. R. Bankr. P. 2022 and 9007 Requesting Entry of Order Scheduling Recognition Hearing and Specifying Form and Manner of Service of Notice* filed contemporaneously herewith. Draft copies of this Motion were also shared with counsel to the Ad Hoc Group and the U.S. Trustee prior to filing this Motion. The Foreign Representative submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## NO PRIOR REQUEST

12. No previous motion for the relief sought herein has been made by the Foreign Representative to this Court or any other court.

[*Remainder of page intentionally left blank; signature page follows*]

WHEREFORE the Foreign Representative respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:  April 11, 2023
        New York, New York

/s/ Eli J. Vonnegut
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Eli J. Vonnegut, Esq.
Joanna McDonald, Esq.
Matthew B. Masaro, Esq.

*Counsel to the Foreign Representative*